LONERGAN *v.* MISSISSIPPI RIVER BRIDGE CO.

(*Circuit Court, E. D. Missouri.* February 5, 1881.)

1. ERECTION OF DIKE IN MISSISSIPPI RIVER — OVERFLOWING LANDS — INJURING FERRY FRANCHISE.

Suit to recover damages for injuries alleged to have been done to certain lands, and to a certain ferry franchise, by reason of the construction of a certain dike in the Mississippi river by the defendant. *Held,* (1) that plaintiff had, under the laws of Illinois, and according to the evidence, no title to the lands, for injury to which the suit was brought; (2) that the act of the general assembly of Illinois, granting a charter for a ferry across the Mississippi river, under which the plaintiff claims, did not give the grantee any right to control the channel of the river, or to prevent its improvement, without compensation to him by the United States.

*Mississippi River Bridge Co.* v. *Lonergan,* 91 Ill. 508, followed.—[ED.

*D. P. Dyer,* for plaintiff.

*R. H. Kern,* for defendant.

McCRARY, C. J., (*orally.*)   The plaintiff sues the defendant to recover damages for injury alleged to have been done to certain lands and to a certain ferry franchise by reason of the construction of a certain dike in the Mississippi river by defendant.   By an act of congress approved March 3, 1871, the erection of a railway bridge across the Mississippi river at Louisiana, Missouri, was authorized, which bridge was to be built under and according to such regulations for the security of the navigation of the river as the secretary of war should prescribe.   16 St. at Large, 473.   The secretary of war, in pursuance of the recommendation of a board of engineers, required the erection of the dike in question for the better improvement of the navigation of the river.   The bridge connected two great thoroughfares by rail, terminating on the opposite banks of the river.

The plaintiff alleges that the consequence of the erection of the dike was to injure lands belonging to him adjoining the river, and also to impair the value of his ferry franchise, under which he was authorized to run a ferry across the Mississippi river at Louisiana.   The question is, can he recover?

This identical controversy has been before the courts of Illi-

nois, and the supreme court of that state, in an elaborate opinion, has decided every material question in the case adversely to the plaintiff. *Mississippi River Bridge Co.* v. *Lonergan,* 91 Ill. 508. In that case it was held—*First,* that Lonergan had, under the laws of Illinois, and according to the evidence, (which was the same as now offered,) no title to the lands, for injury to which the suit was brought; *second,* that the act of the general assembly of Illinois, granting a charter for a ferry across the Mississippi river, under which act the plaintiff claims, did not give the grantee any right to control the channel of the river, or to prevent its improvement, without compensation to him by the United States.

The court said: "The act of the legislature of this state, which established the ferry, gave the plaintiff no right or interest whatever in the flow of the river." Upon these propositions, which are conclusive of the case, I am inclined to the opinion that this court is bound to follow, as a rule of decision, the ruling of the supreme court of Illinois.

The first point decided should, perhaps, be accepted by this court as a rule of property established by a deliberate decision of the supreme court of the state. *Henderson* v. *Griffin,* 5 Pet. 151.

The second point comes within the description of a judicial interpretation by the highest court in the state of one of its own statutes, and is therefore binding upon the federal courts.

But it is not material in this case to decide that this court is bound by the ruling of the supreme court of Illinois, for I have examined with care the opinion of that court above cited, and have considered fully the argument of plaintiff's counsel in opposition to the views therein expressed, and my conclusion is that the decision is sound and should be followed upon the merits of the questions discussed.

Judgment for defendant.